IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                          CASE NO. 4:22-CR-00132-BSM

DEMARIUS CHAMON JOHNSON
Reg. No. 21813-510                                                           DEFENDANT

## ORDER

Demarius Johnson's motion to vacate, set aside, or correct his sentence pursuant to

28 United States Code section 2255 [Doc. No. 110] is denied.

Johnson pled guilty to being a felon in possession of a firearm and was sentenced to

204 months' imprisonment as an armed career criminal. *See* Doc. Nos. 88 & 95. Johnson

now brings a section 2255 motion, arguing (1) his designation as an armed career criminal

and statutory minimum sentence of fifteen years are unconstitutional and (2) his appellate

counsel was ineffective for failing to adequately argue against his designation as an armed

career criminal. Johnson's motion is denied for two reasons. First, he waived the right to

collaterally attack his armed career criminal designation in section 2255 proceedings. *See*

Plea Agreement at 3, Doc. No. 89; *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir.

2000). Second, Johnson may only seek collateral relief for ineffective assistance of counsel

claims that "relate to the negotiation of, and entry into, the plea and waiver." *See Bass v.*

*United States*, 739 F.2d 405, 406 (8th Cir. 1984) (once a guilty plea is entered, focus of

collateral attack under section 2255 is limited to the nature of counsel's advice and the

voluntariness of plea); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("The

majority of circuits support the waiver of collateral review in a plea agreement if it is knowingly, intelligently, and voluntarily made except when the ineffective assistance of counsel claims relate directly to the plea agreement or the waiver.") (citing *e.g., DeRoo,* 223 F.3d at 924)).  Johnson does not argue he entered the plea agreement unwillingly or without knowledge, and nothing in the record indicates otherwise.  His claim is therefore barred.

IT IS SO ORDERED this 27th day of February, 2026.

_____
UNITED STATES DISTRICT JUDGE